6826

### JORDAN v. CITY OF GREENVILLE.

1. BONDS—CITIES AND TOWNS.—BUILDING SCHOOLHOUSES is such municipal purpose as municipal bonds may be issued for.

2. IBID.—A CITY may issue bonds to refund outstanding maturing bonds without submitting the question to the qualified electors of the city, when so authorized by its charter.

Petition by John M. Jordan in the original jurisdiction of this Court for injunction against City of Greenville to restrain it from issuing certain municipal bonds.

*Mr. Wilton H. Earle,* for petitioner.

*Mr. Jos. A. McCullough,* contra.

March 27, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdiction, for an order enjoining the City of Greenville from issuing bonds sufficient to refund certain bonded indebtedness existing at the time the Constitution of 1895 was adopted. The original indebtedness amounted to $18,000.

The first ground upon which the petitioner prays for the injunction is that "the original issue was invalid, for the reason that the purchase of grounds and the building of schoolhouses is not a 'corporate purpose' within the provisions of the Constitution of 1868, Article IX, Section 8."

The case of *Allen* v. *Adams*, 66 S. C., 344, 44 S. E., 938, shows that this ground is untenable.   See, also, *State* v. *Brock*, 66 S. C., 357.

The next ground upon which the petitioner relies is that "under the Constitution of 1895, Article VIII, Section 7, the bonded indebtedness can not be created, except by vote of a majority of the electors in the said city, as therein provided."

In Article VIII, Section 7, of the Constitution, is the following provision: "Nothing herein contained shall prevent the issuing of bonds to an amount sufficient to refund bonded indebtedness existing at the time of the adoption of this Constitution."

Section 2015 of the Code of Laws contains this provision: "Any city, town, township, or other municipal corporation, for the purpose of refunding or paying the whole or any part of its bonded indebtedness existing at the time of the adoption of the present Constitution, whether the same has matured or not, and any unpaid interest thereon, shall be, and is hereby, authorized and empowered to issue its negotiable coupon bonds from time to time, and in such amounts as shall be proper, and to use and dispose of the same, either by sale or exchange, for the purposes aforesaid."

The case of *McCreight* v. *Camden*, 49 S. C., 78, 26 S. E., 984, in which the foregoing provision of the Constitution was construed, decides that a city may issue bonds to refund outstanding maturing bonds without submitting the question to the qualified electors of the municipality, when so authorized by its charter.   This ground can not be sustained.

The last ground urged by the petitioner is "that the said issue is not authorized by the said Constitution or the laws of South Carolina."

The petitioner, in this ground, has failed to specify in what particulars the issue of the bonds is not authorized.

It is the judgment of the Court, that the petition be dismissed.